UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

Louis DeSalvatore,

                                Plaintiff,

                -against-

CITY OF NEW YORK; Sergeant RALPH
POSTIGLIONE, Tax ID #939246; Lieutenant
THOMAS HERGENHAN, Tax ID #931725;
Detective Specialist ALICJA BOBROWSKA, Tax
ID #936219; Police Officer WILLIAM PIERCE,
Tax ID #944896; Police Officer JOHN
WYGAND, Tax ID #939719; Detective TODD
BARNES, Tax ID#932390; Detective MARC
LEONARD, Tax ID #904353; and JOHN DOE 1
through 10 individually and in their official
capacities (the names JOHN DOE 1 through 10
being fictitious, as the true name is presently
unknown),

                         Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

6.      This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## PARTIES

7.      Plaintiff Louis DeSalvatore ("Plaintiff") is a resident of Kings County in the City and State of New York.

8.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the New York City Police Department ("NYPD"), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      At all times relevant, defendants Sergeant RALPH POSTIGLIONE, Tax ID #939246; Lieutenant THOMAS HERGENHAN, Tax ID #931725; Detective Specialist ALICJA BOBROWSKA, Tax ID #936219; Police Officer WILLIAM PIERCE, Tax ID #944896; Police Officer JOHN WYGAND, Tax ID #939719; Detective TODD BARNES, Tax ID #932390; Detective MARC

LEONARD, Tax ID #904353, were police officers, acting as an agents, servants and employees of defendant City of New York and the NYPD. Defendants are sued in their individual capacity.

10. At all relevant times defendants JOHN DOE 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants JOHN DOE 1 through 10.

11. At all relevant times defendants JOHN DOE 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants JOHN DOE 1 through 10 are sued in their individual and official capacities.

12. At all relevant times, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. On November 17, 2014, Plaintiff Louis DeSalvatore was in the car with three of his friends when the driver pulled into a gas station.

14. Plaintiff's friends exited the vehicle, and Plaintiff remained in the car.

15. A defendant police officer approached one of Plaintiff's friends and talked to him briefly before he returned to the car.

16. Plaintiff and his three friends then left the gas station.

17.     After driving for a short time towards Kings Highway, officers pulled them over and arrested them.

18.     Plaintiff was taken to the precinct and charged with, *inter alia*, burglary, larceny, trespassing, criminal possession of stolen property.

19.     Plaintiff was then taken to Central Booking and arraigned.

20.     Ultimately, all charges against Plaintiff and his friends were dismissed.

21.     Plaintiff suffered damage as a result of defendants' actions. He was deprived of his liberty and suffered bodily injury, pain, emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### 42 U.S.C. § 1983

22.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23.     Defendants, by their conduct toward Plaintiff alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

24.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Stop and Search

25.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

27.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

28.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.     Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

30.      As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Failure To Intervene

31.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.     Those defendants who were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity

prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

33.    Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

34.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Denial of Constitutional Right to Fair Trial

35.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.    The individual defendants created false evidence against Plaintiff.

37.    The individual defendants forwarded false evidence to prosecutors in the District Attorney's office.

38.    In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

39.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Malicious Prosecution

40.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41.     By their conduct, as described herein, and acting under color of state law, defendants are liable to Plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

42.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of his constitutional rights.   The prosecution by defendants of Plaintiff constituted malicious prosecution in that there was no basis for the Plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in Plaintiff's favor.

43.     As a direct and proximate result of defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SEVENTH CLAIM
### *Monell* Claim

44.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45.     This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff.

46.     The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

47.     The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

48.     The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

49.     The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

**50.**     These policies, practices, and customs were the moving force behind Plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

DATED:     June 22, 2017
           New York, New York


                        ____/s_____
                        Robert Marinelli
                        305 Broadway, Suite 1001
                        New York, New York 10007
                        (212) 822-1427
                        robmarinelli@gmail.com

                        *Attorney for Plaintiff*